```
 1  ANDRÉ BIROTTE JR.
    United States Attorney
 2  ROBERT E. DUGDALE
    Assistant United States Attorney
 3  Chief, Criminal Division
    JILL FEENEY (Cal. Bar No. 218506)
 4  Assistant United States Attorney
    Deputy Chief, Major Frauds Section
 5       1100 United States Courthouse
         312 North Spring Street
 6       Los Angeles, California 90012
         Telephone: (213) 894-2429
 7       Facsimile: (213) 894-6269
         E-mail:    Jill.Feeney@usdoj.gov
 8
 9  Attorneys for Plaintiff
    UNITED STATES OF AMERICA
10
```

[FILED stamp: CLERK, U.S. DISTRICT COURT / JAN 23 2014 / CENTRAL DISTRICT OF CALIFORNIA / BY ___ DEPUTY]

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 14-CR14-0041 |
|---|---|
| Plaintiff, | GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION |
| v. | |
| KAREN AHARONIAN, aka "Michael 3," | |
| Defendant. | |

Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

    1.    Temporary 10-day Detention Requested (§ 3142(d)) on the following grounds:

        a. present offense committed while defendant was on release pending (felony trial), (sentencing), (appeal), or on (probation) (parole); or

```
          ____  b.  defendant is an alien not lawfully admitted for
                   permanent residence; and
          ____  c.  defendant may flee; or
          ____  d.  pose a danger to another or the community.
   X       2.  Pretrial Detention Requested (§ 3142(e)) because no
               condition or combination of conditions will reasonably
               assure:
          X    a.  the appearance of the defendant as required;
          X    b.  safety of any other person and the community.
          ____ 3.  Detention Requested Pending Supervised Release/Probation
               Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C.
               § 3143(a)):
          ____ a.  defendant cannot establish by clear and convincing
                   evidence that he/she will not pose a danger to any
                   other person or to the community;
          ____ b.  defendant cannot establish by clear and convincing
                   evidence that he/she will not flee.
          ____ 4.  Presumptions Applicable to Pretrial Detention (18 U.S.C.
               § 3142(e)):
          ____ a.  Title 21 or Maritime Drug Law Enforcement Act
                   ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense with
                   10-year or greater maximum penalty (presumption of
                   danger to community and flight risk);
          ____ b.  offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or
                   2332b(g)(5)(B) with 10-year or greater maximum
                   penalty (presumption of danger to community and
                   flight risk);
```

    \_\_\_\_\_    c. offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), 2260, 2421, 2422, 2423 or 2425 (presumption of danger to community and flight risk);

    \_\_\_\_\_    d. defendant currently charged with an offense described in paragraph 5a - 5e below, **AND** defendant was previously convicted of an offense described in paragraph 5a - 5e below (whether Federal or State/local), **AND** that previous offense was committed while defendant was on release pending trial, **AND** the current offense was committed within five years of conviction or release from prison on the above-described previous conviction (presumption of danger to community).

\_\_\_\_\_  5. <u>Government Is Entitled to Detention Hearing Under § 3142(f) If the Case Involves</u>:

    \_\_\_\_\_    a. a crime of violence (as defined in 18 U.S.C. § 3156(a)(4)) or Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum sentence is 10 years' imprisonment or more;

    \_\_\_\_\_    b. an offense for which maximum sentence is life imprisonment or death;

    \_\_\_\_\_    c. Title 21 or MDLEA offense for which maximum sentence is 10 years' imprisonment or more;

|   |   |   |
|---|---|---|
| \_\_\_\_\_ | d. | any felony if defendant has two or more convictions for a crime set forth in a-c above or for an offense under state or local law that would qualify under a, b, or c if federal jurisdiction were present, or a combination or such offenses; |
| \_\_\_\_\_ | e. | any felony not otherwise a crime of violence that involves a minor victim or the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250; |
| X | f. | serious risk defendant will flee; |
| \_\_\_\_\_ | g. | serious risk defendant will (obstruct or attempt to obstruct justice) or (threaten, injure, or intimidate prospective witness or juror, or attempt to do so). |

\_\_\_\_\_ 6. Government requests continuance of \_\_\_\_\_ days for detention hearing under § 3142(f) and based upon the following reason(s):

_____

_____

_____

_____

//
//
//
//
//
//

_____    7. Good cause for continuance in excess of three days exists in that:

_____

_____

_____

_____

Dated: January 23, 2014          Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

/s/ Jill Feeney
JILL FEENEY
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA